UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BELL NORTHERN RESEARCH, LLC,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>COOLPAD TECHNOLOGIES, INC. and YULONG COMPUTER COMMUNICATIONS,<br><br>　　　　　　　　　　　　Defendants.<br><br>COOLPAD TECHNOLOGIES, INC.,<br><br>　　　　　　　　　　　　Counter Claimant,<br><br>v.<br><br>BELL NORTHERN RESEARCH, LLC,<br><br>　　　　　　　　　　　　Counter Defendant. | Case No.: 18-CV-1783-CAB-BLM<br><br>**ORDER GRANTING RENEWED MOTION TO STAY PENDING INTER PARTES REVIEW**<br><br>[Doc. No. 140] |

Before the Court is a renewed motion to stay this patent infringement case during the pendency of an Inter Partes Review ("IPR") filed by defendant Coolpad Technologies Inc. [Doc. No. 140]. Plaintiff Bell Northern Research ("BNR") opposes the motion. [Doc. No. 147.] The Court finds this motion suitable for determination on the papers submitted

and without oral argument in accordance with Civil Local Rule 7.1(d)(1). Having considered the submissions of the parties, the motion is **GRANTED**.

## I. Background

On August 1, 2018, BNR filed a complaint against Coolpad alleging infringement of five U.S. patents. Shortly thereafter, BNR dismissed its infringement claims for one of the asserted patents with prejudice. [Doc. No. 42.] The remaining four patents proceeded to claim construction and the court issued an order in August 2019. [Doc. No. 84.] At that time Coolpad filed a motion for stay as petitions for IPR had been filed on the remaining patents-at-issue. The Court denied the request for stay without prejudice and indicated Coolpad could renew the request for stay if IPR was instituted on one or more of the patents. [Doc. No. 86.]

Discovery proceeded and in October 2019, BNR dismissed with prejudice two more of the patents asserted against Coolpad. [Doc No. 98.] On January 29, 2020, the PTAB instituted IPR on the two patents remaining in this litigation, and Coolpad renewed its motion for stay. [Doc. No. 140.]

## II. Legal Standard

Courts have inherent power to manage their dockets and stay proceedings. *See Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936). The party seeking a stay bears the burden of showing that such a course is appropriate. *Id*. at 256. Courts generally consider three factors in determining whether to impose a stay pending parallel proceedings before the Patent Trial and Appeal Board ("PTAB"): (1) whether a stay will simplify the issues in question and trial of the case; (2) whether discovery is complete and a trial date is set: and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party. *TAS Energy, Inc., v. San Diego Gas & Elec. Co.*, 2014 WL 794215, at *3 (S.D. Cal. Feb. 26, 2014). Judicial consideration is not limited to these factors, but rather can include a review of the totality of the circumstances. *Am. GNC Corp. v. LG Elecs., Inc*., 2018 WL 125876, at *2 (S.D. Cal. Mar. 12, 2018).

A court's consideration of a motion to stay should be guided by "the liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings." *ASCII Corp. v. STD Entm't USA, Inc*., 844 F. Supp. 1378, 1381 (N.D. Cal. 1994). The Court further recognizes that the IPR proceeding, specifically tailored to patent validity adjudication, was created by Congress to provide a more streamlined and therefore faster and less expensive alternative to litigation. See H.R. Rep. No. 112-98(I) at 40 ("The legislation is designed to establish a more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs.").

### III. Discussion

Coolpad initially moved for this stay in August 2019, upon the filing of the petitions to institute IPR. The Court denied the motion as premature and indicated Coolpad could renew the motion if institution was granted. Immediately upon notice that the PTAB is instituting proceedings on the two patents remaining at issue in this litigation, Coolpad renewed its motion for a stay. Consequently, the Court does not find any undue delay on the part of the defendant. The IPR process ran its course and Coolpad moved promptly for the relief it now seeks.

Since the claim construction order issued in August much has been accomplished. Two of the patents in this litigation have been dismissed. Fact and expert discovery have concluded and dispositive motions have been filed, although not on the issue of patent validity. Motion practice has not concluded, pretrial disclosures have not been made and a trial date has not been set. Further the parties are jointly seeking construction of an additional claim term common to both the remaining two patents that may be significant to the validity challenges and may require additional expert discovery/depositions on invalidity opinions.

The PTAB's decision to institute on the two remaining patents will substantially impact the scope of this case and streamline this litigation, as well as co-pending litigation BNR has against ZTE Corp., in 18cv1786, in which BNR is asserting the same two patents.

The issue of validity will be resolved along with the construction of the remaining claim term.

On balance the Court finds that to stay this litigation pending PTAB's decision is justified. Despite the advanced nature of this case, this step will resolve an important aspect of the case and narrow the issues for a jury trial, and may avoid disparate invalidity findings in the co-pending cases. Coolpad was directed to bring the PTAB decisions on institution promptly to the Court's attention, which it did. Having considered the efficiencies of proceeding in this litigation, the motion to stay [Doc. No. 140] is **GRANTED**, and this case is **STAYED**. The parties shall provide notice to the Court when the proceedings before the PTAB are complete.

In light of the foregoing, the pending motions to strike and for partial summary judgment [Doc. Nos. 132, 133, 134] are deemed **WITHDRAWN**, and the Clerk of Court is instructed to administratively close this case.

It is **SO ORDERED**.

Dated: February 18, 2020

Hon. Cathy Ann Bencivengo
United States District Judge